1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  RAYMOND EDWARD STEELE,

11          Petitioner,                    No. CIV S-03-0143 GEB KJM

12      vs.                                DEATH PENALTY CASE

13  ROBERT L. AYERS, Jr.,
     Warden of San Quentin
14   State Prison,

15          Respondent.              ORDER and FINDINGS &
                                     RECOMMENDATIONS
16  _____/

17          After respondent filed an Answer to the First Amended Petition, the court ordered

18  the parties to brief respondent's assertions that the procedural default doctrine and the non-

19  retroactivity doctrine of Teague v. Lane, 489 U.S. 288 (1989) bar some of petitioner's claims.

20  Oct. 25, 2007 Order.  During the course of this briefing, petitioner filed a motion to strike

21  respondent's assertions of Teague.  On January 14, 2009, the court heard oral argument on the

22  procedural default and Teague issues.  Peter Giannini appeared telephonically and Hilary Sheard

23  appeared in the courtroom for petitioner.  Angelo Edralin appeared for respondent.  Upon review

24  of the documents in support and opposition of both respondent's assertion of the Teague and

25  procedural default defenses and of petitioner's motion to strike, upon hearing the arguments of

26  counsel and good cause appearing therefor, the court finds and recommends as follows.

                                             1

MOTION TO STRIKE

Respondent asserts twenty-three of petitioner's claims are barred by the non-retroactivity doctrine of Teague.[1]  Petitioner has moved to strike the Teague allegations.  Petitioner argues respondent has not pled Teague adequately in either his Answer or in his current briefing.

In Teague, the United States Supreme Court held that "new" constitutional rules of criminal procedure will not be applied retroactively to cases on collateral review unless they fall within one of two narrow exceptions.  489 U.S. 288 at 310.  A new rule is one that "breaks new ground or imposes a new obligation on the States or the Federal Government."  Id. at 301.  A new rule's "result was not dictated by precedent existing at the time defendant's conviction became final."  Id.  The first exception to the Teague rule is for "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe."  Id. at 311 (quoting Mackey v. United States, 401 U.S. 667, 692 (1971)).  The second exception is for "watershed rules of criminal procedure;" in other words, "those procedures that ... are 'implicit in the concept of ordered liberty.'"  Id. (quoting Mackey, 401 U.S. at 693).  See also Penry v. Lynaugh, 492 U.S. 302, 305 (1989), abrogated on other grounds, Atkins v. Virginia, 536 U.S. 304 (2002); Graham v. Collins, 506 U.S. 461, 478 (1993).

It is clear respondent may waive the Teague defense by failing to raise it.  See Caspari v. Bohlen, 510 U.S. 383, 389 (1994) (Teague not jurisdictional; court may refuse to consider it if state does not raise it).  It is less clear just what respondent must do to plead Teague.  The Court of Appeals for the Ninth Circuit has set out four requirements that must be satisfied when the state "seriously wishes to press Teague upon us."  Arredondo v. Ortiz, 365 F.3d 778, 781-82 (9th Cir. 2004).  The four requirements are:  (1) respondent should identify Teague as an issue; (2) respondent should articulate "the new rule of constitutional law that falls

---

[1]  Because several of these twenty-three claims have sub-parts, respondent makes many more than twenty-three individual assertions of Teague.

within its proscription;" (3) respondent should explain "with particular reference to the appropriate universe of precedent" "why such a rule would not have been compelled by existing precedent;" and (4) respondent should show why the rule is "not within one of <u>Teague</u>'s exceptions." <u>Id.</u> at 781-82.  The court in <u>Arredondo</u> considered <u>Teague</u> in the same opinion it considered the merits.  Therefore, it is difficult to determine whether the court in <u>Arredondo</u> meant to describe a pleading standard or a burden of proof.  In most capital cases in this district, the petition and answer do not constitute the final points and authorities on the merits and defenses.  In other words, respondent was not required to carry his full burden of proof when pleading <u>Teague</u> in the present case.  Further, the Court of Appeals did not make satisfaction of the four requirements mandatory.  Respondent "should," not "must," establish each of the four factors.  That said, this court ordered respondent to file a memorandum of points and authorities addressing the <u>Teague</u> issue.  Oct. 25, 2007 Order.  At the very least, that order required respondent to make some showing that the rule petitioner seeks to have applied is not "compelled by existing precedent," by referring to "the appropriate universe of precedent."  <u>Arredondo</u>, 365 F.3d at 781-82.

For the most part, respondent did little more than cite to <u>Teague</u> in the Answer and has done nothing to further brief the issue when given the opportunity.  However, it is possible to equate respondent's merits discussions of many claims in the Answer with an argument that petitioner seeks application of a new rule.  Petitioner admits as much in his motion to strike: "some of Respondent's arguments are more fully developed with regard to the first three <u>Arredondo</u> requirements."  Pet'r's Aug. 19, 2008 Mot. to Strike at 6:7-8.  Petitioner does not, however, identify which assertions of <u>Teague</u> have some development.  Petitioner only discusses a few arguments in the Answer to show, by example, how respondent has failed to meet his alleged burden under <u>Arredondo</u>.

The court finds respondent's arguments that some of petitioner's claims cannot succeed because they are directly refuted by existing case law to be minimally sufficient

3

arguments that petitioner seeks the application of new rules.  See Answer at 3:7-9, 65-66, 88-89, 92, 93, 95-96, 97-98, 98-99, 100-102, 103-104, 105-106, 108-109, 115-118, 120, 126-127, 128-129, 133.  In addition, in his opposition to the motion to strike, respondent addresses the Teague exceptions, responding to petitioner's allegation that the Teague defenses should be stricken based on respondent's failure to argue the fourth Arrendondo factor.  Resp't's Opp'n to Mot. to Strike ("Resp't's Opp'n") at 1-6.  Therefore, the court will recommend denial of petitioner's motion to strike the Teague defense to the following claims: 21, 22, 30, 35, 36, 38, 40.A, 40.B, 40.C.2-7, 40.C.9-10, 41.B-F, 41I, 41.J, 41.L, 42, 47, 48, 49, 50.A, 50.C, 53, 54, 57, and 67.  Because determining the applicability of Teague will require an analysis of the merits, and because the parties have not briefed those issues in any detail, the court will defer consideration of the Teague issue on these claims until it reaches the merits of petitioner's claims.

With regard to respondent's assertion that Teague bars other claims, however, respondent fails to make convincing arguments, in the Answer or otherwise, that petitioner seeks a new rule.  With respect to several claims, respondent's merits discussions do not lend themselves to application of Teague's new rule bar.  Every argument that case law does not support a claim does not necessarily mean petitioner seeks a new rule.  See Fields v. Brown, 503 F.3d 755, 772 (9th Cir. 2007) (en banc)  ("[W]e do not require the existence of a case for Teague purposes 'involving identical facts, circumstances, and legal issues.'") (citation omitted).  Another problem is that respondent simply elides his arguments under the merits review standard and Teague by stating with respect to many claims that "given the lack of Supreme Court precedent on point, relief on this claim would require the announcement of a new rule in violation of Teague."  Answer at 41:11-12; see also Resp't's Opp'n at 7:4-23.  While a federal court on habeas may not overturn a state court decision unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," the Teague retroactivity bar is not so limited.  28 U.S.C. § 2254(d)(1).  Rather, as petitioner points out, "'circuit court holdings suffice

1    to create' an old rule under Teague."  Butler v. Curry, 528 F.3d 624, 635 n.10 (9th Cir. 2008)

2    (quoting Leavitt v. Arave, 383 F.3d 809, 819 (9th Cir. 2004) (per curiam)); Jackson v. Brown,

3    513 F.3d 1057, 1073 n.8 (9th Cir. 2008) ("The State urges that in analyzing whether a rule is

4    new, we should consider only Supreme Court cases. We have rejected this argument, as has the

5    Supreme Court."); Caspari v. Bohlen, 510 U.S. 383, 395 (1994) ("Constitutional law is not the

6    exclusive province of the federal courts, and in the Teague analysis the reasonable views of state

7    courts are entitled to consideration along with those of federal courts.").  Because respondent has

8    not provided sufficient reasons in the Answer or in response to petitioner's motion for the court

9    to wait to consider the issue, despite being given an additional opportunity to do so, the court

10   finds respondent has waived the right to assert that Teague bars the following claims: 4, 6, 29,

11   40.C.1, 40.C.8, 40.D, 41.G, 41.M, 45, 55.  See Answer at 40-41, 42-43, 87-88, 98, 100, 102, 104-

12   105, 107, 112-113, 127-128.  In addition, even though respondent mentions Teague with respect

13   to claims 40.E, 44, and 46, he fails to show how the rule petitioner seeks in those claims "was not

14   dictated by precedent."  See Answer at 103, 111-112, 113-115.  The court finds respondent's

15   assertions of Teague with respect to claims 40.E, 44, and 46 waived as well.

16                                   PROCEDURAL DEFAULT

17          Respondent argues the procedural bar doctrine precludes consideration of

18   petitioner's claims that were denied by the California Supreme Court for untimeliness, as

19   successive, because they should have been raised on appeal, and because petitioner's counsel

20   failed to object at trial.

21          Under the doctrine of procedural default, federal courts will not review "a

22   question of federal law decided by a state court if the decision of that court rests on a state law

23   ground that is independent of the federal question and adequate to support the judgment."

24   Coleman v. Thompson, 501 U.S. 722, 729 (1991).  "For a state procedural rule to be

25   'independent,' the state law basis for the decision must not be interwoven with federal law."

26   LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001) (citing Michigan v. Long, 463 U.S. 1032,

5

1   1040-41 (1983)).  A state law ground is interwoven with federal law if application of the state

2   procedural rule requires the state court to resolve a question of federal law.  Park v. California,

3   202 F.3d 1146, 1152 (9th Cir. 2000) (citing Ake v. Oklahoma, 470 U.S. 68, 75 (1985)).  If the

4   state court does not make clear that it is resting its decision on an independent and adequate state

5   ground, it is presumed that the state denial was based at least in part upon federal grounds.

6   Calderon v. United States District Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996).

7           For a state procedural rule to be "adequate," it must be clear, well-established and

8   consistently applied.  Bean, 96 F.3d at 1129.  The adequacy of a state procedural rule must be

9   assessed as of the time the petitioner committed the default.  Fields v. Calderon, 125 F.3d 757,

10  760 (9th Cir. 1997).  The burden of proving the adequacy of a state procedural rule lies with the

11  state.  Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir. 2003).  In Bennett, the Court of

12  Appeals established a three-part burden-shifting process for determining whether a state

13  procedural rule is adequate.  First, the state must adequately plead the existence of an

14  independent and adequate procedural ground as a defense.  Id. at 586.  Then, the burden shifts to

15  petitioner, who "may satisfy this burden by asserting specific factual allegations that demonstrate

16  the inadequacy of the state procedure, including citation to authority demonstrating inconsistent

17  application of the rule."  Id.  "To challenge the adequacy of the procedural bars, [the petitioner's]

18  burden is 'quite modest: at most, Petitioner need only assert allegations; he does not need to

19  prove anything.'"  Jones v. Woodford, No. 03cv1463J(RBB), 2008 WL 505230 at *37 (S.D. Cal.

20  Feb. 25, 2008) (quoting Dennis v. Brown, 361 F. Supp. 2d 1124, 1130 (N.D. Cal. 2005)[2]).

21  "[S]imply contesting the adequacy of a state rule [is] sufficient to meet the petitioner's burden

22  under Bennett if we have previously found the rule to be too ambiguous to bar federal review

23  during the applicable time period."  King v. Lamarque, 464 F.3d 963, 967 (9th Cir. 2006).  On

24  _____

25          [2] While the court in Dennis found petitioner's burden "modest," the petitioner there made
    a significant showing of inadequacy with over 200 cases demonstrating inconsistent application
26  of the timeliness, successive petition, and Dixon rules.

1  the other hand, if a rule has been found to be consistently applied, petitioner must show how the

2  rule has "become inconsistent and irregular." Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir.

3  1998); Howard v. McDaniel, No. 2:93-CV-01209-LRH-LRL, 2008 WL 115380 (D. Nev. Jan. 9,

4  2008) (because Court of Appeals in Moran previously found Nevada consistently applied its

5  timeliness bar, petitioner must demonstrate how Nevada's rule had been inconsistently applied

6  since Moran).³   The ultimate burden of proving adequacy then shifts back to  the state.   Id.

7            If the procedural rule is found to be independent and adequate, then habeas review

8  is barred unless petitioner can show cause for the default and "actual prejudice as a result of the

9  alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

10 fundamental miscarriage of justice." Coleman, 501 U.S. at 729.

11 I.  Timeliness Bar

12           Respondent alleges the following claims in the amended petition are barred by the

13 procedural default doctrine because they were found untimely by the California Supreme Court:

14 _____

15        ³  The decisions in Ortiz and Howard are of questionable value because they do not
   appear to evaluate adequacy as of the time of the alleged default.  Cf. Fields, 125 F.3d at 760.
16 Therefore, the statement in Howard that the petitioner must demonstrate how the Nevada rule
   had become inconsistent since the Moran decision is not correct unless petitioner Howard's
17 default occurred after that decision.  Nevada's timeliness rule was the procedural default at issue
   in Howard.  2008 WL 115380 at *3.  The timeliness rule required a post-conviction petitioner to
18 file within one year of the date the judgment was final.  Nev. Rev. Stat. 34.726 (1991).  The
   Nevada Supreme Court affirmed petitioner Howard's conviction and sentence in 1986.  Howard
19 v. State, 102 Nev. 572 (1986).   The date of petitioner Howard's default would have been about a
   year thereafter, in about 1987 or 1988.  If the 1991 statute established the one-year time period
20 for the first time, then petitioner Howard's date of default may have been around 1992.  State
   court cases decided prior to the date of default would have been relevant to determining
21 adequacy, but not cases decided afterwards.  State court cases applying, or not applying,
   Nevada's timeliness rule after the date of the decision in Moran in 1996 should have had little or
22 no bearing on determining the consistency and regularity of application of the timeliness rule in
   1987 or 1992.  Bennett v. Mueller, 364 F. Supp. 2d 1160, 1167 (C.D. Cal. 2005) (district court
23 decision after remand; "In determining the adequacy of the procedural bar, state cases applying
   the procedural bar after the time of the petitioner's default are irrelevant."); see King, 464 F.3d at
24 967 (rule of Ortiz necessary to "prevent inconsistent determinations regarding a state procedural
   rule's adequacy during a given time period"); cf. Calderon v. United States District Court
25 (Hayes), 103 F.3d 72, 74-75 (9th Cir. 1996) ("[I]n order for a litigant to have a fair opportunity to
   comply with known procedural rules, the controlling state procedural bar is the one in place at
26 the time the claim should have been raised.").

1   3, 5, 6, 20, 21, 23, 29, 30, 31, 32, 37, 38, 41, 42, 44, 46, 65 and 66.  See Resp't's Jan. 14, 2008

2   Brief re Proc. Def. and Teague ("Resp't's Brief") at 6:4.

3              The adequacy of the timeliness bar must be determined as of the date of the

4   purported default.  Fields, 125 F.3d at 760.  Here, petitioner's first state petition, which the

5   California Supreme Court did not find untimely, was filed March 25, 2003.  That, then, is the

6   earliest possible date of petitioner's default.  California's timeliness rules for capital habeas

7   petitions at that time stated:

8              All petitions for writs of habeas corpus should be filed without
               substantial delay.
9
               1-1.2. A petition filed more than 180 days after the final due date
10             for the filing of appellant's reply brief on the direct appeal, or more
               than 24 months after appointment of habeas corpus counsel,
11             whichever is later, may establish absence of substantial delay if it
               alleges with specificity facts showing the petition was filed within
12             a reasonable time after petitioner or counsel (a) knew, or should
               have known, of facts supporting a claim and (b) became aware, or
13             should have become aware, of the legal basis for the claim.

14             1-2. If a petition is filed after substantial delay, the petitioner must
               demonstrate good cause for the delay. A petitioner may establish
15             good cause by showing particular circumstances sufficient to
               justify substantial delay.
16
               1-3. Any petition that fails to comply with these requirements may
17             be denied as untimely.

18             1-4. The court may toll the 180-day period of presumptive
               timeliness for the filing of a capital-related habeas corpus petition
19             (which begins to run from the final due date to file the appellant's
               reply brief in the appeal) when it authorizes the appellant to file
20             supplemental briefing. The court will not toll before the 180-day
               presumptive timeliness period begins to run or after it has finished
21             running.

22   Supreme Court Policies in Cases Arising from Judgments of Death, Policy 3:  Standards

23   Governing Filing of Habeas Corpus Petitions and Compensation of Counsel in Relation to such

24   Petitions (2002).

25             In this proceeding, this court previously addressed the question of the consistency

26   of California's application of its timeliness rule.  In May 2006, this court held the filing of a

8

protective federal petition to avoid statute of limitations problems was justified because petitioner had shown "reasonable confusion" over California's timeliness rules.  May 18, 2006 Findings & Recommendations at 13-18, adopted, Sept. 29, 2006 Order.  This court agreed with the decision in Dennis, 361 F. Supp. 2d at 1132-34, that California's timeliness rule is neither regularly nor consistently applied.  Id. at 17.  Thus, this court concluded California's timeliness rules "lack clarity."  Id. at 18.  Courts that have considered the issue since then also have agreed with Dennis.  See Carpenter v. Ayers, 548 F. Supp. 2d 736, 755 (N.D. Cal. 2008); Jones v. Ayers, No. CIV S-97-2167-MCE-CMK, 2008 WL 906302 (E.D. Cal. Mar. 31, 2008), adopted 2008 WL 4472888 (E.D. Cal. Sept. 30, 2008); Ayala v. Ayers, No. 01cv0741 BTM, 2008 WL 1787317 (S.D. Cal. Apr. 16, 2008).  Respondent cites only one case to the contrary, Dossman v. Newland, No. C 00-384 SI (PR), 2004 WL 302335 (N.D. Cal. Feb. 12, 2004).  However, he fails to mention that Dossman was vacated.  See 216 Fed. Appx. 698 (9th Cir. Jan. 8, 2007).

Respondent focuses on an argument that the timeliness rule is not facially vague. Resp't's Brief at 6-11.  However, the rule's clarity is not the only issue.  The rule must not only be "clear" but it must be "well-established" and "consistently applied" as well.  See Bean, 96 F.3d at 1129.  Respondent also argues that the California Supreme Court's unexplained ("postcard") denials may not be considered when examining the court's application of its timeliness rule.  Resp't's Dec. 12, 2008 Reply re Proc. Default ("Resp't's Reply") at 2-3.  It is true the Court in Bennett held that an examination of a state court's application of its procedural rules "should be limited to the language of the state court opinions" rather than "based on a post hoc examination of the pleadings and record" of those cases.  322 F.3d at 584.  For the timeliness bar, it is certainly possible to determine the consistency of its application from a postcard denial. See Dennis, 361 F. Supp. 2d at 1131-31 & n.10.  The court in Dennis examined 200 California Supreme Court opinions, most of which were postcard denials, and was able to determine that the court applied the timeliness bar inconsistently; the court applied the bar to some claims, but not others, in some cases, and did not always apply it the same way in similarly situated cases.

1   The Dennis court found this sufficient to meet the petitioner's burden of asserting inadequacy.

2   Further, as noted by the Court of Appeals, "to the extent that decisions of the state courts are

3   unpublished because they involve only routine applications of state court rules, unpublished

4   decisions are a particularly useful means of determining actual practice." Powell v. Lambert, 357

5   F.3d 871, 879 (9th Cir. 2004), quoted in Dennis, 361 F. Supp. 2d at 1132.[4]

6          In the present case, petitioner analyzes 125 state court decisions showing the

7   California Supreme Court's disparate application of its timeliness rule.  Pet'r's Opp'n to Resp't's

8   Brief Regarding Proc. Def. and Teague ("Pet'r's Opp'n") at 24-31.  This is more than enough to

9   satisfy petitioner's burden under Bennett.  Because respondent, by his counsel's own admission

10  during the hearing, has not attempted to show consistent application of the rule, this court

11  recommends finding the rule inadequate to bar federal review, without the need to determine

12  whether the rule is independent of federal law.

13  II.  Successiveness Bar

14          As it did in this case, the California Supreme Court typically cites the

15  successiveness bar along with the timeliness bar in denying second state habeas petitions.  As

16  described by the courts in Dennis, Carpenter and Ayala, cited above, the successiveness bar has

17  not been consistently applied and will not bar federal review.  Respondent also has not attempted

18  to show consistent application of this rule.  Therefore, and based on the reasoning set forth

19  above, this rule also should not bar federal review.

20  /////

21  /////

22  _____

23      [4] Respondent also mentions Stanley v. Woodford, CIV S 95-1500 FCD GGH, Mar. 3,
    2004 Findings and Recommendations at 13-17, adopted, Aug. 3, 2005 Order, in which the
    magistrate judge stated, in dicta, that California's timeliness rule was consistently applied based

24  on a review of only four cases.  The magistrate judge limited his review to those four cases
    because he found that consideration of consistent application should not take into account

25  unexplicated decisions.  In contrast, this court agrees with the court in Dennis that, where
    possible, postcard denials should be considered in determining the application of California's

26  timeliness bar.

1    III.  Dixon Bar

2            The California Supreme Court denied eleven of petitioner's claims on the ground

3    that they should have been raised on appeal.  This procedural bar was set out by the California

4    court in In re Dixon, 41 Cal. 2d 756 (1953), and reaffirmed in In re Harris, 5 Cal. 4th 813 (1993).

5    Because petitioner filed his direct appeal in 2000, and thus according to the California Supreme

6    Court should have raised these eleven claims then, this is a post-Harris default.  In Ayala, the

7    district judge examined a post-Harris default.  The judge held that the petitioner's interim burden

8    was satisfied by the existence of other California district court cases finding inconsistent

9    application of the Dixon rule after 1993.  Ayala, 2008 WL 1787317 at *6-7.  The court first

10   examined Vaughn v. Adams, No. CVF01524IOWWDLBHC, 2006 WL 1439400, *4 (E.D. Cal.

11   May 22, 2006), adopted, 2006 WL 1774915 (E.D. Cal. Jun 24, 2006).  In Vaughn, the court

12   considered a 1997 default.  It found the petitioner's burden of showing inadequacy satisfied by

13   producing "five cases in which just months prior to the instant default, the California Supreme

14   Court summarily denied petitions without a citation to In re Dixon, wherein claims that were not

15   raised on direct appeal were raised on state habeas corpus.[5]  The Ayala court next examined

16   Monarrez v. Alameda, No. SACV03-00104AHM(MLG), 2005 WL 2333462 (C.D. Cal. Sept. 22,

17   2005), in which the date of the default was January 2000.  The petitioner in Monarrez presented

18   the court with a "survey of 210 non-capital habeas corpus petitions decided on December 21,

19   1999, just a month before the date of the purported default, showing inconsistent application of

20   the Dixon rule by the California Supreme Court in that the Dixon bar was applied in only 19

21   cases, less than 10 per cent of those decided."  2005 WL 2333462 at *5.  Unsurprisingly, this

22   showing satisfied the petitioner's interim burden.  Based on the data examined by, and the

23   holdings of, the courts in Vaughn and Monarrez, the Ayala court found the interim burden of

24   ──────────────

25           [5]  The court in Ayala describes the petitioner in Vaughn as identifying fourteen cases.
     2008 WL 1787317 at *6.  However, the court in Vaughn noted that the California courts decided
26   nine of those cases after the date of default, making them less relevant to a determination of the
     state of California law at the time of the petitioner's default.  2006 WL 1439400 at * 4-5.

1  showing inadequacy of the <u>Dixon</u> rule satisfied.  This court finds no fault with the conclusions in

2  <u>Vaughn</u>, <u>Monarrez</u>, and <u>Ayala</u>.  <u>See also</u> <u>Dennis</u>, 361 F. Supp. 2d at 1130-31 (petitioner shows

3  inconsistent application of <u>Dixon</u> rule to meet burden for a 1996 default); <u>Carpenter</u>, 548 F.

4  Supp. 2d at 756-57 (relying in part on <u>Dennis</u>, court finds <u>Dixon</u> rule inadequate to bar federal

5  review).

6  　　　　　Here again, respondent has done nothing to show the <u>Dixon</u> rule was in fact

7  consistently applied.  Accordingly, this court should consider the merits of claims denied by the

8  California Supreme Court based on that rule.

9  IV.  <u>Contemporaneous Objection Rule</u>

10  　　　　　Claim 25 of the First Amended Petition is that the special circumstance - a prior

11  second degree murder conviction - and prior convictions for kidnaping, forcible sex crimes and

12  assault with a deadly weapon, which were used as factors in aggravation at the penalty phase,

13  were invalid convictions.   Defense counsel at trial did not object to the use of these prior

14  convictions.  Petitioner made this claim as claim IX in March 2008 in his first state habeas

15  petition.  The California Supreme Court denied all claims in that petition on the merits and

16  stated: "Claim IX is also, separately and independently, barred because petitioner did not object

17  at trial to admission of any of the convictions.  (Evid. Code, § 353; <u>People v. Hayes</u>, (1999) 21

18  Cal.4th 1211, 1261.)"  <u>In re Steele</u>, No. S114551 (Cal. Sup. Ct. July 14, 2004), lodged herein

19  Sept. 15, 2005.  Respondent asserts that the California Supreme Court's reliance upon the

20  contemporaneous objection rule ("COR") is a procedural bar to this court's consideration of

21  claim 25.  Resp't's Brief at 16-17.

22  　　　　　At the time of trial, California's Evidence Code § 353 stated:

23  　　　　A verdict or finding shall not be set aside, nor shall the judgment
　　　　or decision based thereon be reversed, by reason of the erroneous
24  　　　　admission of evidence unless:

25  　　　　(a) There appears of record an objection to or a motion to exclude
　　　　or to strike the evidence that was timely made and so stated as to
26  　　　　make clear the specific ground of the objection or motion; and

(b) The court which passes upon the effect of the error or errors is
of the opinion that the admitted evidence should have been
excluded on the ground stated and that the error or errors
complained of resulted in a miscarriage of justice.[6]

Cal. Evid. Code § 353 (1967).  Petitioner challenges the adequacy and independence of the COR.

Pet'r's Opp'n at 51-63.

A.  Adequacy

The relevant time period for determining whether the COR was consistently

applied is the time frame in which petitioner is said to have committed the default.  See Ford v.

Georgia, 498 U.S. 411, 423-24 (1991) (state court procedural bar "must have been 'firmly

established and regularly followed' by the time as of which it is to be applied"); Fields v.

Calderon, 125 F.3d 757, 760 (9th Cir. 1997) ("'[T]he proper time for determining whether a

procedural rule was firmly established and regularly followed is the time of [the] purported

---

[6]  Petitioner's trial counsel failed to object to the admission of evidence; section 353 deals
only with this default.  However, it should be noted that California courts have created a COR to
apply in other situations.  California case law at times does not distinguish between a failure to
object to the admission of evidence and a failure to object on other grounds when applying the
COR.  For example, the California Supreme Court considered a question of the constitutionality
of a statute despite a failure to raise the issue at trial, based on exceptions to the COR for the
failure to object to the admission of evidence.  Hale v. Morgan, 22 Cal. 3d 388, 394 (1978) (in
examining issue of validity of a statute, court discusses various objections to COR, including
exceptions to rule requiring objection to admission of evidence).  In a case involving a failure to
object to the admission of photographic and in-court identifications, the Court of Appeals for the
Ninth Circuit mentioned California's COR and cited only to a case involving not the admission
of evidence but a failure to move for a change of venue.  Garrison v. McCarthy, 653 F.2d 374,
377 (9th Cir.1981) (citing People v. Hillery, 10 Cal. 3d 897 (1974)).  Accordingly, while the
COR is cited herein primarily with respect to cases regarding the admissibility of evidence, it is
not necessarily so limited and some cases involving the general COR created by common law are
cited as well, particularly when they rely upon the admissibility of evidence cases.  The court also
notes that petitioner makes a substantial showing that the general COR is rife with undefined
exceptions.  See Pet'r's Opp'n at 60-63.  However, because the cases cited in that section do not
address the use of the COR for claims involving the admission of evidence, this court does not
find that section particularly persuasive regarding the consistency of the California courts' use of
the COR for evidence-based claims.  The California Supreme Court has specifically stated that
the general COR is not a hard and fast rule as distinguished from the COR regarding the
admission of evidence.  People v. Williams, 17 Cal. 4th 148, 161 n.6 (1998) ("[a]n appellate
court is generally not prohibited from reaching a question that has not been preserved by a party;"
court specifically excludes from this general rule issues involving the admission or exclusion of
evidence).

1  procedural default.'" (quoting <u>Calderon v. United States District Court (Bean)</u>, 96 F.3d 1126,

2  1130 (9th Cir.1996)).  Petitioner's default was a failure to object at trial.  The relevant time

3  period for determining the adequacy of the COR is therefore the time of trial.  Petitioner's trial

4  was held from April through June 1990.  In considering whether the COR was consistently

5  applied, then, only state court cases that preceded the date of trial or that discuss the state of the

6  law prior to mid-1990 are relevant.[7]  <u>Bennett v. Mueller</u>, 364 F. Supp. 2d 1160, 1167 (C.D. Cal.

7  2005) (district court decision after remand; "In determining the adequacy of the procedural bar,

8  state cases applying the procedural bar after the time of the petitioner's default are irrelevant.").

9        As described above, the Court of Appeals in <u>Bennett</u> set out the burden-shifting

10 process for determining adequacy.  322 F.3d at 585-86.  Respondent has pled the procedural

11 default rule based on the COR.  Answer at 74.  The burden thus has shifted to petitioner to

12 establish inconsistent application of the bar.  Case law on just what petitioner must do to meet

13 that burden is sparse.  On remand, the district court in <u>Bennett</u> discussed the lack of direction

14 from the Court of Appeals on this issue:

15        Precisely how a petitioner might meet his or her burden to
       place "in issue" the alleged inadequacy of California's timeliness
16       bar appears somewhat uncertain. The petitioner's burden must be
       something short of producing records and authorities sufficient to
17       "prove" the inadequacy of the procedural bar, for to require such a
       showing effectively would be to place upon the petitioner the
18       burden of obtaining and producing the very sort of proof that, in
       the words of <u>Bennett</u>, resides in the "hands" of the state.

19
       . . . Particularly in light of the liberal pleading standard applicable
20       to affirmative defenses, the petitioner's interim burden should be
       understood as a means to "sharpen" and refine the procedural
21       default issue so as [to] afford the state, with its greater access to
       information, an opportunity to meet its burden of proof. <u>See</u> <u>Hooks</u>
22       <u>v. Ward</u>, 184 F.3d at 1217 ("On remand, if Hooks believes
       Oklahoma's procedural bar to be inadequate, he must place that
23       issue before the district court in a clear way."). Thus understood,

24 _____

25     [7]  In arguing the inadequacy of the COR, petitioner cites some cases decided after his
   trial.  These cannot form the basis for a determination that the rule was inadequate at the time of
   petitioner's trial.  The court has not considered these cases, unless, as stated in the text, the
26 decision includes a statement regarding the long-standing nature of the rule or an exception to it.

the petitioner's interim burden does not encompass a level of specificity obtainable only through review of "records and authorities" in the "hands" of the state.

. . .

In light of the above discussion, and with some trepidation, this Court concludes that a petitioner may meet the interim burden under Bennett by "asserting" the existence of case law or "evidence" which appears on its face to show an inconsistent application of the procedural bar.  If the petitioner meets this burden and thus refines the inconsistency issue, the state must marshal the "records and authorities" to refute the petitioner's allegations and meet the state's ultimate burden of proof.

Bennett, 364 F. Supp. 2d at 1171-72 (citations and footnotes omitted).  The Court of Appeals did

hold, in Powell v. Lambert, 357 F.3d 871, 876 (9th Cir. 2004), that a showing of "several cases

in which Washington courts decided mixed petition cases on the merits, contrary to the

[procedural rule at issue] was "sufficient to shift the burden back to the state to show that its

procedural rule was 'clear, consistently applied, and well-established.'"  See also Vaughn v.

Adams, 2006 WL 1439400 at *5 ("At a minimum, Petitioner has produced five cases in which

just months prior to the instant default, the California Supreme Court summarily denied petitions

without a citation to In re Dixon, wherein claims that were not raised on direct appeal were raised

on state habeas corpus. The Court finds this is sufficient to meet Petitioner's burden of placing

the inadequacy of the procedural bar in issue.").

1. Federal Case Law Re Adequacy of the COR

Before examining whether petitioner has borne his burden of showing inconsistent

application of the COR, this court must determine the effect of prior federal case law on the

issue.  Respondent points out that the Court of Appeals for the Ninth Circuit has held in a

number of cases that the California COR barred federal review.[8]  Inthavong v. Lamarque, 420

F.3d 1055, 1058 (9th Cir. 2005); Davis v. Woodford, 384 F.3d 628, 654 (9th Cir. 2004); Paulino

_____

[8] Respondent also cites Nevius v. Sumner, 852 F.2d 463, 470 (9th Cir. 1988).  However, that case is not relevant because it examines Nevada's contemporaneous objection bar.

1  v. Castro,  371 F.3d 1083, 1092 (9th Cir. 2004); Rich v. Calderon, 187 F.3d 1064, 1069-70 (9th

2  Cir. 1999); Vansickel v. White, 166 F.3d 953, 957-58 (9th Cir. 1999); Bonin v. Calderon, 59

3  F.3d 815, 842-43 (9th Cir. 1995); Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981),

4  abrogated on other grounds by Strickland v. Washington, 466 U.S. 668 (1984), as recognized in

5  Vansickel, 166 F.3d at 958; Garrison v. McCarthy, 653 F.2d 374, 377 (9th Cir.1981).  This court

6  also has refused to consider the merits of habeas petitioners' claims based on the state court's

7  application of the COR.  Bridges v. Runnels, CIV S 03-2338 RRB KJM P, 2007 WL 2695177,

8  *5 (E.D. Cal. Sept. 11, 2007), adopted, 2008 WL 313810 (E.D. Cal. Feb. 1, 2008); Howard v.

9  Campbell, No. CV S 04-2414 FCD KJM P, 2007 WL 2601418, *10 (E.D. Cal. Sept. 6, 2007),

10  adopted, 2007 WL 2853860 (E.D. Cal. Sept. 27, 2007), aff'd, 305 Fed. Appx. 442 (9th Cir. 2008)

11  (unpublished); Taylor v. Carey, CIV S 03-0477 MCE KJM P, 2007 WL 586939, *10 (E.D. Cal.

12  Feb. 23, 2007), adopted, 2007 WL 1129185 (E.D. Cal. Apr. 12, 2007).

13           This court is, of course, bound by holdings of the Court of Appeals for the Ninth

14  Circuit.  However, this court is not bound by "unstated assumptions on non-litigated issues."

15  Sakamoto v. Duty Free Shoppers, Ltd., 764 F.2d 1285, 1288 (9th Cir. 1985).  The United States

16  Supreme Court, as well as the Court of Appeals for the Ninth Circuit, recognize that "[q]uestions

17  which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are

18  not to be considered as having been so decided as to constitute precedents."  Webster v. Fall, 266

19  U.S. 507 (1925) (citations omitted); see Brecht v. Abrahamson, 507 U.S. 619 (1993) ("[S]ince

20  we have never squarely addressed the issue, and have at most assumed the applicability of the

21  Chapman standard on habeas, we are free to address the issue on the merits."); United States v.

22  L. A. Tucker Truck Lines, Inc., 344 U.S. 33 (1952) ("[T]his Court is not bound by a prior

23  exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio.")

24  (footnote omitted); Morales-Garcia v. Holder, 567 F.3d 1058, 1064 (9th Cir. 2009) (quoting

25  Sakamoto); Gonzales v. Department of Homeland Sec., 508 F.3d 1227, 1235 (9th Cir. 2007)

26  (same); Matter of Baker, 693 F.2d 925 (9th Cir. 1982) (because question of jurisdiction was

1   neither contested nor ruled upon, prior case not controlling precedent).  The Court of Appeals has

2   applied this "unstated assumptions" rule when examining not only its own prior cases, but when

3   determining the precedential value of cases from the Supreme Court as well.  Indian

4   Oasis-Baboquivari Unified School Dist. v. Kirk, 91 F.3d 1240, 1244 (9th Cir. 1996) ("We see no

5   reason why Tucker Truck should apply only when a court considers its own prior decisions, but

6   not when an appellate court considers the decisions of the Supreme Court."), appeal dismissed

7   for lack of jurisdiction, 109 F.3d 634 (1997) (en banc); see also Burbank-Glendale-Pasadena

8   Airport Authority v. City of Burbank, 136 F.3d 1360, 1363 (9th Cir. 1998) (relying on Tucker

9   Truck).

10          In almost every Court of Appeals case cited by respondent the court did not

11  examine whether California courts have consistently applied the COR.[9]  For example, in

12  Vansickel, the court examined the application of the COR by the California Court of Appeal.

13  166 F.3d at 957-58.  The Vansickel court noted the California rule:  "where a defendant fails to

14  timely object, his conviction will not be reversed unless he demonstrates prejudice."  Id. at 957

15  (citation omitted).  It found the state court had "applied the prejudice standard of miscarriage of

16  justice under California law, and determined that Vansickel could not establish prejudice."  Id.

17  Because petitioner Vansickel could not demonstrate cause and prejudice for his default, the

18  federal court found his claim procedurally defaulted.  Id. at 957-59.  The court in Vansickel did

19

20          [9]  This analysis can be taken one step further by looking at the parties' briefs in each case.
    The two most relevant cases are Vansickel and Davis because the defaults in those cases
21  occurred around the time of the default in the present case.  In Vansickel, the court looked at a
    failure to object to the trial court's limitation of peremptory challenges.  166 F.3d at 957.
22  Petitioner/appellant Vansickel's trial was held in May 1992.  Vansickel v. White, No. 97-17143,
    1998 WL 34082110 (9th Cir. January 21, 1998), Opening Brief of Appellant.  In Davis, the court
23  examined a failure to object to the admissibility of evidence at the penalty phase.  384 F.3d at
    654.  Petitioner Davis's penalty phase trial was held in early 1990.  Id. at 656 n.2 (B. Fletcher, J.,
24  dissenting).   Trials in the other Courts of Appeals cases occurred either significantly earlier -
    Rich (1980 trial) and Bonin (1981 trial), or much later - Inthavong (1999 trial) and Paulino (1997
25  trial).  Vansickel's briefs show no challenge to the independence or adequacy of the COR.  A
    review of the parties' briefs in Davis also shows the petitioner/appellant did not raise the issue of
26  the independence or adequacy of the COR.  It should be noted that the appellate briefs in Davis
    are available on Westlaw in .pdf format only.

1    not discuss the requirement that a claim is only procedurally defaulted if the procedural rule is

2    "independent of the federal question and adequate to support the judgment."  <u>See</u> <u>Coleman</u>, 501

3    U.S. at 729.

4          In most of the cases cited by respondent, the Court of Appeals applied the COR to

5    bar federal review in similarly summary ways.  <u>See</u> <u>Inthavong</u>, 420 F.3d at 1058 ("[T]he

6    California Court of Appeal has held that Inthavong failed to challenge the admission of the

7    November 5 confession at trial and that his claims with respect to it were therefore procedurally

8    barred under California law. Federal habeas claims must be dismissed where state courts have

9    decided the claim on state procedural grounds."); <u>Davis</u>, 384 F.3d at 654 ("Because the

10    California Supreme Court held that Davis's claim was procedurally barred under state law, he

11    must demonstrate cause and prejudice to obtain habeas relief under state law."); <u>Paulino</u>, 371

12    F.3d at 1092 (The petitioner "nowhere argues that California's contemporary-objection rule is

13    unclear, inconsistently applied or not well-established, either as a general matter or as applied to

14    him."); <u>Rich</u>,187 F.3d at 1069-70 ("We may not review his six other prosecutorial misconduct

15    claims because Rich procedurally defaulted by failing to make contemporaneous objections, and

16    the California court consequently invoked a procedural bar to their consideration, the validity of

17    which Rich has failed to overcome."); <u>Bonin</u>, 59 F.3d at 842-43 ("We do not address this

18    contention because it is procedurally barred. The California Supreme Court concluded that Bonin

19    had failed to raise properly any objection during his trial. . . .  Bonin has not demonstrated cause

20    for failing to object at trial. He has also failed to demonstrate actual prejudice or that a

21    fundamental miscarriage of justice will result if this claim is barred.  Thus, we do not address

22    it."); <u>Hines</u>, 658 F.2d at 673 ("[T]he failure of a habeas petitioner to observe a state's

23    'contemporaneous objection' rule results in a procedural default which precludes litigation of the

24    alleged error in federal court unless the petitioner can demonstrate 'cause' for his failure to raise

25    the question at trial, and 'prejudice' accruing from the error.").

26    /////

1    The only case relied on by respondent in which the Court of Appeals appeared to

2    hold that the COR was consistently applied is <u>Garrison</u>, which makes a one-sentence statement

3    that "California courts adhere to the contemporaneous objection rule barring appellate review of

4    alleged errors that are not raised at trial by timely objection."  653 F.2d at 377 (citing <u>People v.</u>

5    <u>Hillery</u>, 10 Cal. 3d 897 (1974)).  Respondent points out that the Court of Appeals fairly recently

6    cited <u>Garrison</u> to observe:  "[w]e held more than twenty years ago that the rule is consistently

7    applied when a party has failed to make <u>any</u> objection to the admission of evidence.  <u>Garrison v.</u>

8    <u>McCarthy</u>, 653 F.2d 374, 377 (9th Cir. 1981)."  <u>Melendez v. Pliler</u>, 288 F.3d 1120, 1125 (9th

9    Cir. 2002) (emphasis in original).  The broad statement in <u>Melendez</u> is not dispositive of the

10   issue here, however.  Petitioner is correct that that statement is just an observation.  The court

11   held that the issue in <u>Melendez</u> was not whether the COR was consistently applied where no

12   objection had been made; rather, the issue was whether the objections made were appropriate and

13   should have been considered by the trial court.  <u>Id.</u>  In fact, the court in <u>Melendez</u> specifically

14   refused to consider the issue of the independence and adequacy of the COR:

15           Not surprisingly, the parties devote a substantial portion of their
             briefing on the present appeal to arguing whether California
16           appellate courts consistently apply the contemporaneous objection
             rule.  The particular facts of this case, however, make it
17           unnecessary for us to resolve this question categorically.

18   288 F.3d at 1125.

19           The brief statement in <u>Garrison</u> also has limited precedential value.  First, it relies

20   upon a 1974 California case.  The state of California law in 1974 is not dispositive of the state of

21   the law in 1990, the year of petitioner's trial and the relevant date for a determination in the

22   present case of the adequacy of the COR.[10]

23   ────────────────────

24       [10]  It also is not clear that <u>Hillery</u>, the 1974 California Supreme Court case, is relevant
     precedent for application of the COR by the state court in the present case.  The California
25   Supreme Court in <u>Hillery</u> discussed only the rule barring appellate review of a claim of
     prejudicial pretrial publicity because the defendant failed to seek a change of venue at the time of
26   trial.  The <u>Hillery</u> court cited a number of cases for this proposition.  All of those cases involved

1    Petitioner argues that this court may consider a challenge to the independence and

2  adequacy of the COR in this case because in two cases the Court of Appeals left an opening for

3  such a challenge.  Pet'r's Opp'n at 51-54.  In the first case, Paulino v. Castro, cited by

4  respondent, the court applied the COR to bar petitioner's claim but added that the petitioner

5  "nowhere argues that California's contemporary-objection rule is unclear, inconsistently applied

6  or not well-established, either as a general matter or as applied to him."  371 F.3d at 1093.  The

7  second case petitioner cites is an unpublished Court of Appeals decision that similarly notes no

8  challenge to the independence and adequacy of the COR by the petitioner.  Taylor v. Lamarque,

9  208 Fed. Appx. 574, 576 (9th Cir. 2006).[11]

10    Prior decisions of this court that applied the COR to bar federal review also did so

11  in the absence of a challenge to the rule.  See Bridges, 2007 WL 2695177 at *5 ("Because

12  petitioner has not taken issue with the application of California's contemporaneous objection

13  rule, this court will not consider these portions of petitioner's first claim."); Howard, 2007 WL

14  2601418 at *10 (relying on Garrison and Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981));

15  Taylor, 2007 WL 586939 at *10 ("Petitioner has made no showing of the inadequacy of the bar

16  nor has he provided any cause for trial counsel's failure to raise these particular challenges

17  below.").

18    One judge in this district has examined a petitioner's challenge to the adequacy of

19  the COR in a capital case.  In Jones v. Ayers, No. CIV S-97-2167-MCE-CMK, 2008 WL 906302

20  (E.D. Cal. Mar. 31, 2008), adopted, 2008 WL 4472888 (E.D. Cal. Sep 30, 2008), the judge found

21  the petitioner "met his initial burden," which was de minimis, "by pointing to specific authorities

22  which he argues show that the contemporaneous objection rule is not adequate."  2008 WL

23  _____

24  the same situation, namely, a bar to appellate review based on a failure to seek a change of venue
     at trial.  10 Cal. 3d at 899-900.

25

26    [11]  This court is aware that it cannot consider Taylor precedent because it is unpublished.
     9th Cir. R. 36-3(c).

906302 at **4, 6.  The judge made this finding based on petitioner's citation to just two authorities:

> [P]etitioner points to state court cases he argues indicate the rule is not clear, well-established, or consistently applied. Petitioner notes that, in People v. Williams, the California Supreme Court stated that whether the appellate court considers claims that are raised for the first time on appeal is a matter of discretion which is not governed by any bright-line rule.  See 17 Cal.4th 148, 161 n. 6, 69 Cal. Rptr. 2d 917, 948 P.2d 429 (1998). He also notes Hale v. Morgan, in which the California Supreme Court stated that application of the rule to bar claims is not uniform.  See 22 Cal.2d 388, 394 (1978).

Id. at *6.  The judge concluded, however, that the COR was adequate to bar review.  He rejected the petitioner's argument that California courts had created an exception to the COR for capital cases.  Id. at 8.  He relied on three decisions by the Court of Appeals for the Ninth Circuit that found the COR barred the petitioners' claims.  Id. at 8-9 (citing Hines, 658 F.2d at 673; Rich, 187 F.3d at 1066; and Vansickel, 166 F.3d 953).  While the judge noted that in none of these decisions did the Court of Appeals examine the adequacy of the COR, he found, without citation to authority, that by applying the procedural bar, these holdings "necessarily concluded that the contemporaneous objection rule was adequate and independent."  Id. at 8.  The judge did not acknowledge or address the line of authority cited above regarding the lack of precedential effect of unstated assumptions.

At least one other district court has examined a capital habeas petitioner's attempt to challenge the adequacy of the COR.  In Carpenter v. Ayers, 548 F. Supp. 2d 736 (N.D. Cal. 2008), the petitioner argued the COR was inadequate for numerous reasons not raised by petitioner in the present case.  However, the petitioner in Carpenter did claim, as petitioner does here, that "more recent decisions by the California Supreme Court demonstrate that California's contemporaneous objection rule is applied inconsistently and irregularly."  548 F. Supp. 2d at 746.  From the district court's discussion of the issue in Carpenter, it appears the petitioner there relied upon only People v. Hill, 17 Cal. 4th 800, 820-22 (1998) and People v. Williams, 17 Cal.

4th 148, 161 n.6 (1998) for this proposition.  As the Carpenter court pointed out, Hill involved a unique excuse for the failure to object.  Id. at 748.  The court found any objection in Hill would have been futile because the trial court turned a blind eye to continual prosecutorial misconduct. See People v. Riel, 22 Cal. 4th 1153, 1212-13 (2000) (describing Hill).  While the California Supreme Court in Williams stated that an "appellate court is generally not prohibited from reaching a question that has not been preserved for review," that statement specifically excluded a failure to object to the admission or exclusion of evidence.  Id. at 748.  The Carpenter court concluded that the "[r]espondent has met his burden under Bennett of proving adequacy of the contemporaneous objection rule."  Id. at 749.  Petitioner in the present case cites more relevant cases than Hill and Williams, as discussed below, distinguishing the record here from that in Carpenter.

Other district courts in California have barred claims based on the California COR, either without analysis of the independence and adequacy of the rule or based on the petitioner's failure to make any showing of inadequacy.  See, e.g., Jaiceris v. Fairman, 290 F. Supp. 2d 1069, 1078 (N.D. Cal. 2003) (court does not mention Bennett burden-shifting approach and does not indicate petitioner made any showing of inadequacy); Hall v. Scribner, 619 F. Supp. 2d 823, 843 (N.D. Cal. 2008) (same); McCann v. Chatham, No. C 07-3865 JSW (PR), 2010 WL 2382439, *9 (N.D. Cal. June 10, 2010) (petitioner failed to meet burden under Bennett); Jones v. Harrington, No. CV 09-5636 JC, 2010 WL 2104662, *5 (C.D. Cal. May 24, 2010) (The petitioner "does not argue that California's contemporary objection rule is unclear, inconsistently applied or not well-established, either as a general matter or as applied to him."); Johnson v. Scribner, No. CV 08-1048-FMC (MLG), 2008 WL 5351677, *7 (C.D. Cal. Dec. 19, 2008) (court does not mention Bennett burden-shifting approach and does not indicate petitioner made any showing of inadequacy); Loveday v. Haws, No. CIV S-05-0105 GEB DAD P, 2008 WL 5246091, *7 (E.D. Cal. Dec. 15, 2008) ("Petitioner has also failed to meet his burden of asserting specific factual allegations demonstrating the inadequacy of California's

1   contemporaneous-objection rule as unclear, inconsistently applied or not well-established, either

2   as a general rule or as applied to him."), adopted, 2009 WL 367742 (E.D. Cal. Feb. 12, 2009);

3   Cristobal v. Hedgpeth, No. CV 08-01092 DOC (AN), 2008 WL 5169727, *2 (C.D. Cal. Dec. 9,

4   2008) ("Petitioner has the burden to show the contemporaneous objection rule is inadequate by,

5   for example, citing authority showing the rule has not been applied consistently.  Petitioner has

6   not met his burden despite having had the opportunity to do so." (citing Bennett, 322 F.3d at 585-

7   86)), adopted, 2009 WL 113775 (C.D. Cal. Jan. 7, 2009); Busby v. Felker, No. EDCV

8   08-0410-DOC (MLG), 2008 WL 5099634, *6 (C.D. Cal. Dec. 3, 2008) ("In his petition to this

9   Court, Petitioner has completely failed to address the issue of whether his claim of judicial

10   misconduct is procedurally barred. Therefore, Petitioner does not argue that the contemporaneous

11   objection rule is unclear or inconsistently applied by California courts."); Simonton v. Evans,

12   Civil No. 07cv0431 J(LSP), 2008 WL 4891222, *5 (S.D. Cal. Nov. 10, 2008) ("Petitioner offers

13   no 'specific factual allegations that demonstrate the inadequacy' of the contemporaneous

14   objection bar."); Burch v. Carey, No. C 01-1583 CRB (PR), 2002 WL 31689370, *6 (N.D. Cal.

15   Nov. 23, 2002) (pre-Bennett case; court does not mention independence and adequacy of COR).

16          Based on the absence of reasoned, controlling, or persuasive precedent, following

17   careful consideration, this court finds that prior applications of the COR by the Court of Appeals

18   for the Ninth Circuit to bar federal review of a petitioner's claims are not dispositive of, and prior

19   decisions of this court do not predetermine, the issue in this case.  This court thus will proceed to

20   consider petitioner's showing that the COR is not adequate to bar federal review.

21          2. Petitioner's Burden

22          As noted, California courts have sometimes referred to the COR's application to

23   the failure to object to the admission of evidence as a strictly followed rule.  See People v.

24   Williams, 17 Cal. 4th 148, 161 n.6 (Court of Appeal "is in fact barred" "from reaching a question

25   that has not been preserved for review by a party" "when the issue involves the admission (Evid.

26   Code, § 353) or exclusion ( id., § 354) of evidence.").  However, California cases have also

referred to the COR as a "general" or "normal" rule that is not a "universal prohibition." <u>See</u> <u>People v. Black</u>, 41 Cal. 4th 799, 810 (2007) ("We long have applied the rule that although challenges to procedures or to the admission of evidence normally are forfeited unless timely raised in the trial court, 'this is not so when the pertinent law later changed so unforeseeably that it is unreasonable to expect trial counsel to have anticipated the change.'"); <u>People v.</u> <u>DeSantiago</u>, 71 Cal. 2d 18, 22 (1969) (COR is the "general rule;" however, where there has been "a substantial change" in the law, a party is excused from "an objection anticipating that decision"); <u>People v. Frank</u>, 38 Cal. 3d 711, 737 (1985) (Bird, C.J., concurring and dissenting) (COR is not a "hard and fast rule;" describes a few "well established exceptions"); <u>People v.</u> <u>Mills</u>, 81 Cal. App. 3d 171, 176 (1978) (COR "is not a universal prohibition;" court notes exception for an error so fundamental that it resulted in a  denial of due process); <u>People v.</u> <u>Alvarez</u>, 268 Cal. App. 2d 297 (1968) (COR is a "general rule;" court does not, however, discuss or apply any exceptions).  Just because the California courts may label the rule a "general" one does not mean it is not applied consistently.  In fact, the <u>DeSantiago</u> and <u>Black</u> cases discuss the same exception to the rule for an unforeseeable change in the law.  At the same time, the simple existence of exceptions to the COR does not, in itself, amount to inconsistent application of the rule.  The question is whether the exceptions are guided by standards that "provide petitioners with adequate notice of the circumstances that will bar their claims."  <u>Karis v. Vasquez</u>, 828 F. Supp. 1449, 1464 (E.D. Cal. 1993); <u>Cabrera v. Barbo</u>, 175 F.3d 307, 313 (3rd Cir. 1999) ("The reason for these requirements is that a petitioner should be on notice of how to present his claims in the state courts if his failure to present them is to bar him from advancing them in a federal court.").  "[P]rocedural rules need not be utterly mechanical. That the application of a rule requires the exercise of judicial discretion does not render the rule inadequate to support a state decision." <u>Morales v. Calderon</u>, 85 F.3d 1387, 1392 (9th Cir. 1996); <u>see also</u> <u>Beard v. Kindler</u>, ___ U.S. ___, 130 S. Ct. 612 (Dec. 8, 2009) (facially discretionary state procedural rules are not

/////

1   automatically inadequate); Bostick v. Stevenson, 589 F.3d 160, 165 n.6 (4th Cir. 2009) (Supreme

2   Court in Beard simply held that facially discretionary state rules can be adequate).

3          Petitioner argues the COR is so riddled with exceptions lacking clarity that

4   California courts cannot be found to apply it consistently.  Pet'r's Opp'n at 54-63.  However,

5   some of the exceptions petitioner points to are not relevant to the application of the COR in

6   petitioner's case.  The adequacy requirement of the procedural default rule is designed to protect

7   petitioners' rights to raise constitutional claims by providing clear notice of what they must do to

8   raise those claims.  See Bennett, 364 F. Supp. 2d at 1167 ("A procedural bar must be 'sufficiently

9   clear as to put a petitioner on notice that he must raise all claims or risk default....'") (quoting

10  Bargas v. Burns, 179 F.3d 1207, 1212 (9th Cir.1999)).  The existence of exceptions to the COR

11  that would not have been employed to excuse petitioner's default are not relevant to the issue of

12  whether or not petitioner had clear notice of the applicable procedural rules.  Accordingly, in

13  considering whether petitioner has met his burden under Bennett, this court examines those

14  exceptions to the COR that could have been applied to petitioner's case.

15                 a.  Exceptions to the COR Potentially Applicable to Petitioner's Case

16                      i.  Exception for Due Process Violation

17         Petitioner points to the exception to the COR created by the Comment to Rule 353

18  by the Assembly Committee on Judiciary.  Pet'r's Opp'n at 54-55.  The Committee stated:

19  "Section 353 is, of course, subject to the constitutional requirement that a judgment must be

20  reversed if an error has resulted in a denial of due process of law, People v. Matteson, 61 Cal. 2d

21  466, 39 Cal.Rptr. 1, 393 P.2d 161 (1964)."  The California Supreme Court in Matteson held,

22  "[t]he introduction of an involuntary confession or admission requires reversal of a judgment of

23  conviction despite defendant's failure to object to its introduction."  61 Cal. 2d at 469.[12]

24  _____

25         [12]  Petitioner points out that the rule in Matteson, that erroneous admission of a
    confession was reversible per se, was overruled three years after petitioner's trial.  See People v.
26  Cahill, 5 Cal. 4th 478, 510 n.15 (1993).  However, because Cahill post-dates petitioner's trial it is

1          Petitioner also identifies a number of California courts that agreed to consider a

2    petitioner's claims of egregious constitutional error despite a failure to object at trial.  In People

3    v. Cabrellis, 251 Cal. App. 2d 681, 685 (1967), the Court of Appeal noted the defendant's failure

4    to object to an officer's testimony describing the defendant's apparent admission to a past crime.

5    However, the court went on to determine that the prosecution purposely had "injected

6    inadmissible evidence" that forced the defendant to testify to rebut it, thereby depriving him of

7    his federal constitutional right not to take the stand.  251 Cal. App. 2d at 688.  The court

8    concluded:

9              In view of the apparent deliberation of the prosecution trap; its
               character as a state-sponsored deprivation of a constitutionally
10             assured protection and the serious prejudice springing from it, its
               reversal-impelling effect is not softened by the absence of a
11             defense objection, motion to strike or assignment of misconduct.

12    Id.  In essence, the Court of Appeal found the prosecutorial misconduct in Cabrellis so egregious

13    that it had to consider the issue regardless of the absence of a defense objection at trial.

14    Similarly, in People v. Chambers, 231 Cal. App. 2d 23, 28 (1964), the court found it necessary to

15    ignore the defendant's complete failure to object to numerous trial errors because "an unfairness

16    so gross has occurred as to deprive him of due process of law."  See also People v. Underwood,

17    61 Cal. 2d 113, 125 (1964) ("Although defendant's attorney did not make a sufficient and timely

18    objection to the introduction of defendant's prior statement . . . we are not prevented from

19    reviewing the errors on appeal. As we have seen, special policy considerations preclude the use

20    of involuntary statements, the evidence was uncontroverted that the prior statements of defendant

21    and Wisdom were coerced, and the cumulative effect of the errors was prejudicial."); People v.

22    Simon, 80 Cal. App. 675, 678-79 (1927) (failure to object excused because prosecutor's

23    /////

24    /////

25    _____

26    not relevant to consideration of the consistent application of the COR as of the date of
petitioner's trial and this court will not consider it.

comments were so outrageous that no trial court admonition to disregard them would have been sufficient).[13]

### ii.  Exception to Avoid Later Habeas Proceeding

Petitioner's most significant showing is that California courts sometimes address the merits of a constitutional claim that clearly falls within the COR procedural bar to avoid a subsequent habeas corpus proceeding raising the same point.  See Pet'r's Opp'n at 56.  In People v. Blanco, the Court of Appeal explained the courts' use of this exception:

> However, our Supreme Court and other appellate courts have also sometimes addressed such constitutional questions in the absence of proper objection below. (See, e.g., Hale v. Morgan (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512] ["[A]lthough California authorities on the point are not uniform, our courts have several times examined constitutional issues raised for the first time on appeal, especially when the enforcement of a penal statute is involved [citation] ...."]; People v. Allen (1974) 41 Cal.App.3d 196, 201, fn. 1 [115 Cal.Rptr. 839] [This court (Division Two) reached the merits of a constitutional evidence challenge even though the record showed no objection, because "the constitutional question can properly be raised for the first time on appeal [citation]."]; People v. Norwood (1972) 26 Cal.App.3d 148, 153 [103 Cal.Rptr. 7] ["A matter normally not reviewable upon direct appeal, but which is ... vulnerable to habeas corpus proceedings based upon constitutional grounds may be considered upon direct appeal."]; Bayside Timber Co. v. Board of Supervisors (1971) 20 Cal.App.3d 1, 5 [97 Cal.Rptr. 431] ["[W]hether the rule shall be applied is largely a question of the appellate court's discretion."].)

/////

/////

/////

---

[13]  The exception relied upon in Simon is more correctly classified as one for futility.  In other words, an appellate court may consider an issue if the defense attorney's failure to object would have been futile.  The exception described below based on unforeseeable changes in the law is sometimes referred to as a futility exception.  Petitioner cites three other cases to show this exception.  However, because these cases post-date petitioner's trial by many years, the court does not consider them as part of petitioner's argument that the COR was not regularly followed at the time of petitioner's 1990 trial.  See People v. Alvarado, 141 Cal. App. 4th 1577 (2006); People v. Abbaszadeh, 106 Cal. App. 4th 642, 646 (2003); People v. Carrillo, 119 Cal. App. 4th 94 (2004).

> In an exercise of our discretion, in view of the fact that an issue of
> some significance is raised, and in order to avoid a subsequent
> habeas corpus proceeding raising the same point, we will address
> appellant's due process challenge.[14]

10 Cal. App. 4th 1167, 1172-73 (1992).  See also People v. Norwood, 26 Cal. App. 3d 148, 153 (1972) ("A matter normally not reviewable upon direct appeal, but which is shown by the appeal record to be vulnerable to habeas corpus proceedings based upon constitutional grounds may be considered upon direct appeal."); People v. Allen, 41 Cal. App. 3d 196, 202 (1974) ("the constitutional question can properly be raised for the first time on appeal").  Blanco, Norwood and Allen are directly relevant to the consistency issue in the present case because in each case the Court of Appeal considered an issue about the admission of evidence to which the appellant had not objected at trial.

The Court of Appeal in Blanco relied upon the California Supreme Court opinion in Hale v. Morgan, 22 Cal. 3d 388 (1978), which did not deal with an evidentiary issue.[15]  There, the California Supreme Court specifically noted the inconsistent application of this exception to the COR: "although California authorities on the point are not uniform, our courts have several times examined constitutional issues raised for the first time on appeal."  Hale, 22 Cal.3d at 394. The court in Blanco also cited with approval another Court of Appeal decision finding the application of the COR "largely a question of the appellate court's discretion":

> The first issue presented by the appellants' briefs is the question of
> the constitutionality of the Forest Practice Act. The issue is raised
> for the first time on this appeal, counsel frankly confessing that "no
> one thought of the constitutional issue until preparation of
> appellants' opening brief." Respondent, relying on Jenner v. City
> Council, argues that such a constitutional issue may not now be
> considered since "'It is the general rule applicable in civil cases that
> a constitutional question must be raised at the earliest opportunity
> or it will be considered as waived.' ..."

---

[14] While the Blanco decision followed petitioner's trial by two years, the cases cited therein precede the date of petitioner's default in 1990.

[15] The differences between a failure to object to an admission or exclusion of evidence and a failure to object to other matters are discussed in note 6 above.

> Jenner v. City Council, however, merely reiterates the general rule that appellate courts will not ordinarily consider matters raised for the first time on appeal. (See 3 Witkin, Cal. Procedure (1954) pp. 2261-2262, Appeal, § 94.) There are many situations where appellate courts will consider such matters. They will often be considered where the issue relates to questions of law only.  Appellate courts are more inclined to consider such tardily raised legal issues where the public interest or public policy is involved.  And whether the rule shall be applied is largely a question of the appellate court's discretion.

Bayside Timber Co. v. Board of Supervisors, 20 Cal. App. 3d 1, 4-5 (1971) (citing Jenner v. City Council, 164 Cal. App. 2d 490, 498 (1958)).  See also Tyre v. Aetna Life Ins. Co., 54 Cal. 2d 399, 405 (1960); Jones v. Fireman's Fund Ins. Co., 270 Cal. App. 2d 779, 783-84 (1969); People v. Rodriguez, 58 Cal. App. 2d 415, 421(1943); Isthmian Lines, Inc. v. Schirmer Stevedoring Co., 255 Cal. App. 2d 607, 610 (1967)).

### iii.  Undefined Exceptions

Petitioner points to two capital cases in which the California Supreme Court considered the merits, despite a failure to object, for no apparent reason.  In People v. Silva, 45 Cal. 3d 604, 638 (1988), the defendant asserted "two separate instances of prosecutorial misconduct. Although he failed to object to these statements below we nonetheless address the merits."  The court similarly considered a defendant's claims in People v. Malone, 47 Cal. 3d 1 (1988).  After noting that the defendant did not object at trial, the court stated:  "[a]ssuming arguendo defendant has not waived the asserted misconduct by failure to object or request an admonition, we conclude the questions were not prejudicial error."  Id. at 38.

### iv.  Exception for "Special Circumstances"

Petitioner further argues the California courts recognize an undefined "special circumstances" exception to the COR.  Pet'r's Opp'n at 58.  A review of the cases cited by petitioner shows, however, that while "special circumstances" are occasionally mentioned, there is no indication courts have accepted varying definitions of what constitutes a special circumstance.  In fact, in the cited cases, the only time this exception to the COR was used was to

1   excuse an objection based on an unforeseeable change in the law.  Indeed, the first case cited by

2   petitioner was overruled the following year for failing to recognize that exception.  See People v.

3   Flores, 68 Cal. 2d 563, 567 (1968) ("Defendant, however, did not object at trial to the admission

4   of the evidence on this ground and has shown no special circumstances which would justify our

5   departure from the ordinary rule that errors not challenged at trial cannot serve as the grounds for

6   reversal on appeal." (footnote omitted)), overruled in relevant part, DeSantiago, 71 Cal. 2d at 28

7   n.7 (1969) (substantial change in the law excuses a failure to object); see also People v.

8   Robinson, 62 Cal. 2d 889, 894 (1965) ("Except in certain circumstances not present here, the

9   admissibility of evidence will not be reviewed on appeal in the absence of a sufficient objection

10   in the trial court.") (citing People v. Richardson, 51 Cal. 2d 445, 447 (1959) ("Defendant did not

11   object at any point in the trial to the admission of evidence on the ground that it was obtained by

12   an unlawful search and seizure, and she may not raise the matter for the first time on appeal.")

13   and  People v. Kitchens, 46 Cal. 2d 260, 262-63 (1956) (exception to COR for unforeseen

14   changes in the law)); People v. Chavez, 26 Cal. 3d 334, 350 n.5 (1980) (exception for

15   unforeseeable change in the law); People v. Johnson, 5 Cal. App. 3d 851, 863 (1970)

16   ("Defendant asserts no special circumstances which would justify a failure to raise objections at

17   trial.  (People v. De Santiago, 71 Cal.2d 18.)").[16]

18               b.  Exceptions to the COR that are Inapplicable to Petitioner's Claim 25

19               Petitioner shows that the California courts employ other exceptions to the COR.

20   Because these exceptions would not have been used in petitioner's case, the court finds they do

21   not support petitioner's argument of inconsistent application of the COR.

22   /////

23

24        [16]  Petitioner also cites two cases referring to an undefined special circumstances
     exception to the state bar on habeas claims that could have been raised on appeal.  See In re
25   Shipp, 62 Cal. 2d 547, 552 (1965); Ex parte Dixon, 41 Cal. 2d 756, 759 (1953).  Besides use of
     the common phrase "special circumstances," those cases have no relevance to the consistency of
26   the California courts' use of the COR.

1

i. Exception for Unforeseeable Change in Law

2              This exception to the COR excuses the failure to object where the objection could

3   not have been anticipated by the defense.  See Pet'r's Opp'n at 55, 57.  "Though evidentiary

4   challenges are usually waived unless timely raised in the trial court, this is not so when the

5   pertinent law later changed so unforeseeably that it is unreasonable to expect trial counsel to have

6   anticipated the change." People v. Turner, 50 Cal. 3d 668, 703 (1990).  See also DeSantiago, 71

7   Cal. 2d at 22; Black, 41 Cal. 4th at 810.   Petitioner makes no argument that trial counsel could

8   not have objected at trial because his claim is based on an unforeseeable change in the law.

9

ii. Factual Disputes re Whether Appropriate Objection Made

10             Petitioner also argues that a number of cases involving a determination of whether

11  an appropriate objection had been made demonstrate inconsistent exceptions to the COR.   See

12  People v. Bolinski, 260 Cal. App. 2d 705, 722 (1968) ("In the foregoing circumstances it cannot

13  be said that defendant failed to preserve his rights to raise the Miranda issue on appeal. Although

14  denominated 'objections,' it is apparent that defendant's trial counsel as well as the prosecution

15  and the court treated the 'objections' as a motion to strike."); People v. Bob, 29 Cal. 2d 321, 325

16  (1946) ("the mere fact that the objection could have been made in better form will not justify a

17  refusal to consider it, where the intention of the defendant could not be misunderstood"); People

18  v. Frank, 38 Cal. 3d 711, 729 n.3 (1985) ("On an appeal from a judgment imposing the penalty of

19  death, a technical insufficiency in the form of an objection will be disregarded and the entire

20  record will be examined to determine if a miscarriage of justice resulted."); People v. Scott, 21

21  Cal. 3d 284, 290 (1978) ("In a criminal case, the objection will be deemed preserved if, despite

22  inadequate phrasing, the record shows that the court understood the issue presented."); People v.

23  Abbott, 47 Cal. 2d 362, 372 (1956) (trial court considered motion to strike even though some

24  matters had not previously been objected to; appellate court did not apply COR bar because trial

25  court had ruled); People v. Miranda, 44 Cal. 3d 57, 85 (1987) (court decided to consider a claim

26  without resolving whether or not objection made at trial was valid); People v. Bruner, 9 Cal. 4th

1   1178, 1183 n.5 (1995) ("Because the question whether defendant has preserved his right to raise

2   this issue on appeal is close and difficult, we assume he has preserved his right, and proceed to

3   the merits.").[17]

4          These cases are distinguishable from the situation at hand.  They involve factual

5   determinations of whether appropriate objections were made as opposed to showing an exception

6   to the COR.  See Carpenter v. Ayers, 548 F. Supp. 2d 736, 747 (N.D. Cal. 2008) (court

7   distinguishes California cases in which higher court determined an "inartful objection" would

8   "be deemed preserved if the record shows that the court understood the issue presented" from

9   those in which "no objection was raised at trial"); Melendez v. Pliler, 288 F.3d 1120, 1125 (9th

10  Cir. 2002) (court considers whether objections made were appropriate and should have been

11  considered by the trial court; court distinguishes cases in which no objection made).  In the

12  present case, there is no question that petitioner's trial attorney failed to object in any way.  The

13  question is whether the COR was inconsistently applied at that time so that the defense did not

14  have clear notice it must object, in some fashion, in order to preserve the issue for federal review.

15  The court does not consider these cases to support a showing that the California courts

16  inconsistently apply the rule when no objection is made.

17               b. Has Petitioner met his burden of demonstrating inconsistent application
                    of the COR?
18

19          The court finds petitioner has met his burden under Bennett.  As discussed above,

20  petitioner's burden has been described as "'quite modest: at most, Petitioner need only assert

21

22          [17]  The court recognizes that Bruner post-dates petitioner's trial.  However, the court there
     looked to several pre-1990 cases in which the California courts had similarly determined that
23   they could avoid the difficult question of whether or not an appropriate objection had been made
     in order to address the merits.  Those pre-1990 cases cited in Bruner are also cited in the text.
24   Bruner also relied upon numerous post-1990 cases.  As stated previously, the court will not
     consider them.  See Pet'r's Opp'n at 58 n.8 (citing People v. Champion, 9 Cal. 4th 879, 908 n.6
25   (1995); People v. Fudge, 7 Cal. 4th 1075, 1106-07 (1994); People v. Pinholster, 1 Cal. 4th 865,
     912 (1992); People v. Crittenden, 9 Cal. 4th 83, 122 n.4 (1994); People v. Johnson, 139 Cal.
26   App. 4th 1135, 1146 n.11 (2006)).

1   allegations; he does not need to prove anything,'" and de minimis.  Jones v. Woodford, 2008

2   WL 505230 at *37; Jones v. Ayers, 2008 WL 906302.  Courts have found a showing of just a

3   few cases in which the procedural bar was not applied to have been sufficient to shift the burden

4   to the state to prove consistent application.  See Powell, 357 F.3d at 876; Vaughn v. Adams,

5   2006 WL 1439400 at *4; Jones v. Ayers, 2008 WL 906302 at *6.

6            In the present case, petitioner has pointed to case law that raises questions about

7   whether and when the California courts will decide to consider an argument absent a trial

8   objection.  Petitioner has shown that the California courts apply a rule bound only by their

9   undefined "discretion" to consider constitutional claims on appeal in order to avoid future habeas

10  corpus proceedings.  See Bayside Timber Co., 20 Cal. App. 3d at 4-5 ; see also People v.

11  Norwood, 26 Cal. App. 3d at 153; People v. Allen, 41 Cal. App. 3d at 202.  The California

12  Supreme Court has admitted that courts exercising that discretion have not done so uniformly.

13  Hale v. Morgan, 22 Cal. 3d 388, 394 (1978).

14           Petitioner has also shown a broad exception for due process violations, whose

15  contours have not been clearly defined.  This exception has been used to permit appellate

16  consideration of a prosecutor's introduction of inadmissible prior statements, Cabrellis, 251 Cal.

17  App. 2d at 688 and Underwood, 61 Cal. 2d at 125, and of a defendant's claim of the improper

18  admission of prior offenses due to actions of both the prosecutor and trial court, Chambers, 231

19  Cal. App. 2d at 27-28.  Petitioner has also shown that California courts sometimes ignore a

20  failure to object, to consider the merits without stating any basis for doing so.  See People v.

21  Silva, 45 Cal. 3d 604, 638 (1988); People v. Malone, 47 Cal. 3d 1, 38 (1988).[18]  Petitioner is not

22  _____

23       [18]  Petitioner also cites People v. McLain, 46 Cal. 3d 97, 110 (1988) as demonstrating an
    exception to the COR.   In McLain, the California Supreme Court very briefly addressed the
24  defendant's arguments about the admission of six items of evidence.  The Court stated: "The
    admission of the six items, whether considered separately or together, did not amount to error
25  requiring reversal. We shall assume arguendo that the claim is preserved for review. We also
    assume that each of the items was inadmissible under People v. Boyd (1985)."  46 Cal. 3d at 110.
26  The court did not discuss whether any sort of objections had been made.  It appeared simply to

1    required, at this juncture, to prove inconsistency.  "[T]he petitioner's interim burden should be

2    understood as a means to 'sharpen' and refine the procedural default issue so as afford the state,

3    with its greater access to information, an opportunity to meet its burden of proof."  Bennett, 364

4    F. Supp. 2d at 1171-72.  Petitioner's showing is sufficient to meet his modest burden under

5    Bennett.

6                           3.  Respondent's Burden of Proof

7                 As discussed above, respondent argues nothing more than that Ninth Circuit

8    authority requires this court to find the COR adequate.  Resp't's Brief at 16-17.  However, as this

9    court finds above, that authority does not have precedential effect because the Court of Appeals

10   in those cases did not address the adequacy issue.  Respondent has had every opportunity to

11   argue the adequacy of the rule in this court. Petitioner's October 14, 2008 Opposition Brief

12   contained over twelve pages of argument and numerous case citations.  Rather than attempt to

13   address petitioner's arguments, in his reply brief respondent simply rehashed, in one short

14   paragraph, the argument based on Ninth Circuit authority made in his opening brief.  Resp't's

15   Reply at 6.  Respondent has made no other attempt to meet his burden of proving the California

16   courts consistently and regularly apply the COR in circumstances identical or analogous to those

17   implicated by claim 25.  Accordingly, under Bennett, this court finds the COR is not adequate to

18   bar federal review of claim 25.  Because the court finds the COR is not adequate to bar federal

19   review of this claim, it need not reach the question of the independence of the COR.  The court

20   may consider the merits of claim 25 of the First Amended Petition.

21                 Because respondent does not object, and good cause appearing, IT IS HEREBY

22   ORDERED that petitioner's January 12, 2009 Motion for Leave to File Surreply is granted.

23   /////

24   _____

25   dismiss the argument on the easiest grounds.  Given the lack of any further information, this
     court will not assume that the court's use of the word "arguendo" meant the defendant in McLain
26   had not objected.  This case does not necessarily demonstrate an exception to the COR.

1    For the foregoing reasons, and good cause appearing, IT IS HEREBY

2  RECOMMENDED that:

3    1.  Petitioner's September 23, 2008 Motion to Strike be granted in part and denied

4  in part as follows.  It is recommended that the defenses based on <u>Teague v. Lane</u>, 489 U.S. 288

5  (1989), asserted by respondent in the Answer with respect to claims 4, 6, 29, 40.C.1, 40.C.8,

6  40.D, 40.E, 41.G, 41.M, 44, 45, 46, 55 be stricken from the Answer.  It is further recommended

7  that petitioner's Motion to Strike be denied in all other respects.

8    2.  Respondent's request that the court find petitioner's claims 3, 5, 6, 20, 21, 23,

9  25, 29, 30, 31, 32, 37, 38, 41, 42, 44, 46, 65, and 66 barred as procedurally defaulted be denied.

10    These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

12  one days after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties. Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

15  objections shall be filed and served within fourteen days after service of the objections. The

16  parties are advised that failure to file objections within the specified time may waive the right to

17  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18  DATED:  July 14, 2010.

19

20

21                                        _____
                                          U.S. MAGISTRATE JUDGE

22

23

24

25

26  steele proc default.fr