1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND EDWARD STEELE,

11          Petitioner,              No. CIV S-03-0143 GEB CKD

12     vs.                          DEATH PENALTY CASE

13   WARDEN, San Quentin
     State Prison,
14
            Respondent.             ORDER
15
     _____/
16

17          In February of this year, the court set deadlines for motions for discovery and for

18   an evidentiary hearing.  (Dkt. No. 172.)  In April, the Supreme Court issued Cullen v. Pinholster,

19   131 S. Ct. 1388 (2011).  Simply put, the Court in Pinholster restricted the federal courts' review

20   under 28 U.S.C. § 2254(d)(1) to the record that was before the state court.  On April 15, the court

21   ordered the parties to brief the impact of Pinholster on the procedures for factual development of

22   petitioner's claims.  (Dkt. No. 173.)  They have done so.  (Dkt. Nos. 178, 179, 180.)  For the

23   reasons set out below, the undersigned finds the interests of judicial efficiency are best served by

24   requiring petitioner to submit points and authorities addressing the section 2254(d) standards

25   along with any motion for discovery.

26   / / / /

                                        1

I. <u>Background</u>

In July 2005, petitioner filed a mixed petition in this court. (Dkt. No. 47.) These proceedings were stayed to permit petitioner to raise his unexhausted claims in state court. (Dkt. Nos. 73, 84.) After the California Supreme Court denied the exhaustion petition, petitioner filed an amended petition here in May 2007. (Dkt. No. 93.) Respondent filed an answer in September 2007 that alleged, among other things, a number of procedural bars. The court ordered briefing on the procedural bar issues. Those issues, and petitioner's motion to strike portions of the answer for inadequately pleading non-retroactivity under <u>Teague v. Lane</u>, 489 U.S. 288 (1989), were heard in January 2009. In 2010, the court held that no claims are procedurally barred and struck a number of respondent's assertions of <u>Teague</u>. (Dkt. Nos. 151, 164.)

Under the court's existing procedures, the next phase of this case would permit petitioner to seek factual development of his claims through discovery, further investigations, expansion of the record, and/or an evidentiary hearing. (Dkt. No. 90.) To that end, on February 7, 2011, the court set deadlines for filing motions for discovery and for an evidentiary hearing. (Dkt. No. 172.) Shortly after <u>Pinholster</u> issued, however, the court ordered the parties to file briefs "on the impact of [<u>Pinholster</u>] on these proceedings and, in particular, on the discovery and motion for an evidentiary hearing contemplated in the court's February 7, 2011 order." (Dkt. No. 173.)

II. <u>Pinholster</u>

On April 4, 2011, the Supreme Court issued <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388 (2011). The Supreme Court examined the lower courts' grant of habeas relief which was based in part on evidence presented at an evidentiary hearing in the federal district court. The Court held that when a state court decides a habeas claim on the merits, the federal court's inquiry under 28 U.S.C. §2254(d)(1) is limited to the record before the state court. 131 S. Ct. at 1398. When the evidence obtained at the federal evidentiary hearing was excluded from consideration, the Court held the state court's decision was not an unreasonable application of federal law and

1   reversed the grant of habeas relief.  Id. at 1401-02.  The Court's holding did not directly apply to

2   review under section 2254(d)(2), which permits a federal court to grant habeas relief where the

3   state's adjudication of the claim "resulted in a decision that was based on an unreasonable

4   determination of the facts in light of the evidence presented in the State court proceeding."

5   However, the Court's decision references the fact that the language of subsection (d)(2)

6   specifically limits review to the state court record.[1]

7           The Supreme Court explained that an evidentiary hearing may still be appropriate

8   where the state court did not adjudicate the claim on the merits.  131 S. Ct. at 1400-01.  It further

9   noted:  "we need not decide whether §2254(e)(2) prohibited the District Court from holding the

10  evidentiary hearing or whether a district court may ever choose to hold an evidentiary hearing

11  before it determines that §2254(d) has been satisfied."  Id. at 1411 n. 20.  In his concurring

12  opinion, Justice Breyer added that an evidentiary hearing would be appropriate after it has been

13  determined that the state court decision was unreasonable, to allow petitioner to prove his claims.

14  Id. at 1412-13.  The Court did not discuss how its holding would affect other factfinding

15  procedures used in habeas corpus cases, such as investigations, discovery, or motions to expand

16  the record.

17  III.  Analysis

18          In his briefs, petitioner makes a series of arguments.  He starts by asserting that

19  Pinholster has no impact on the good cause requirement for discovery or the statutory standards

20  for determining when an evidentiary hearing is appropriate.  (Dkt. No. 178 at 2-8.)  He points out

21

22          [1]  The Court in Pinholster described (d)(2) review as limited to the state court record:
    "Pinholster and Justice SOTOMAYOR place great weight on the fact that § 2254(d)(2) includes
23  the language 'in light of the evidence presented in the State court proceeding,' whereas §
    2254(d)(1) does not. The additional clarity of § 2254(d)(2) on this point, however, does not
24  detract from our view that §2254(d)(1) also is plainly limited to the state-court record."  131 S.
    Ct. at 1400 n. 7.  Courts to have considered this issue since Pinholster agree that the limitation of
25  review to the state court record also applies to review under section 2254(d)(2).  E.g.,
    Coddington v. Cullen, No. CIV S 01-1290 KJM GGH, 2011 WL 2118855 (E.D. Cal. May 27,
26  2011).

1  that the Supreme Court explicitly decided not to decide "whether a district court may ever choose

2  to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied." (Dkt. No.

3  180 at 5.)  Petitioner concedes, however, that he "may not use any facts he develops in federal

4  court to 'overcome the limitation of §2254(d)(1).'" (Id. at 9.)  He further states that the federal

5  court's inquiry under section 2254(d)(2) is similarly limited to the state court record.  (Id. at 10.)

6         Petitioner argues discovery would be appropriate to develop facts that may render

7  a claim unexhausted.  (Dkt. No. 180 at 6.)  Petitioner cites Conway v. Houk, No. 2:07-cv-947,

8  2011 WL 2119373 (S.D. Ohio May 26, 2011) as support.  Conway provides only limited support.

9  The magistrate judge in Conway permitted the petitioner to file a motion for discovery because

10  "Pinholster did not, strictly speaking, alter or even speak to the standards governing discovery set

11  forth in Rule 6."  2011 WL 2119373, at *3.  The judge went on,

12
                Were the Court to permit discovery only after it appears that
                Pinholster would not bar consideration of new evidence, the Court
13              would be adding months of delay to the proceedings, a result that
                could be avoided by simply permitting discovery that otherwise
14              appears to be warranted under Rule 6. The Court recognizes the
                downside of its position—namely the possibility that time and
15              money will be expended in the discovery of evidence that this
                Court might never consider. That is a risk the Court is willing to
16              take. In a death penalty habeas corpus case, the Court prefers to err
                on the side of gathering too much information rather than too little.
17

18  Id. at *4.  The judge pointed out that discovered information will not necessarily be presented to

19  or considered by the court.  Id. at *3.  However, the judge noted that some courts have indicated

20  that should the petitioner satisfy section 2254(d), "a federal court may consider additional

21  evidence to determine whether habeas corpus relief should issue."  Id. (citations omitted).

22         The judge in Conway addressed the petitioner's representation that  "'[w]hen all

23  of the factual development is completed, Petitioner intends to ask the Court to hold these

24  proceedings in abeyance while he returns to state court to exhaust all of the new facts that he

25  identified during the litigation in this court.'"  Id. at *3.  The judge did not, however, approve

26  that procedure.  The judge simply stated: "Without expressing an opinion on the propriety of

4

such a procedure, the Court notes that, should Petitioner exhaust additional claims based on new

facts in the state courts, then <u>Pinholster</u> would not preclude this Court's consideration of those

facts."  <u>Id.</u>   The judge further warned the parties:

> [N]othing in this order should be construed as suggesting that
> Petitioner's discovery requests will be granted, that Petitioner will
> be entitled to a stay and abeyance under <u>Rhines v. Weber</u>, or that
> <u>Pinholster</u> will not preclude expansion of the record or an
> evidentiary hearing relating to information gleaned through
> discovery permitted by this Court.

<u>Id.</u> at *4.  <u>See also</u> <u>Gapen v. Bobby</u>, No. 3:08-cv-280, 2011 U.S. Dist. LEXIS 62177 (S.D. Ohio

June 10, 2011) (only available on LEXIS) (similar reasoning by different magistrate judge in the

same district as <u>Conway</u> court).

Other federal judges have required satisfaction of section 2254(d) as a prerequisite

to discovery.  <u>See</u> <u>Lewis v. Ayers</u>, No. CIV S 02-0013 KJM GGH, 2011 WL 2260784 (E.D. Cal.

June 7, 2011); <u>Coddington v. Cullen</u>, No. CIV S 01-1290 KJM GGH, 2011 WL 2118855 (E.D.

Cal. May 27, 2011); <u>Fong v. Ryan</u>, 2011 WL 3439237 (D. Ariz. Aug. 5, 2011); <u>Hurst v. Branker</u>,

2011 WL 2149470 (M.D. N.C. June 1, 2011).  In <u>Coddington</u> and <u>Lewis</u>, Magistrate Judge

Hollows questioned whether a federal court could "ever find good cause for federal habeas

discovery . . . if it could not be put to use in federal court at an evidentiary hearing or otherwise."

2011 WL 2118855, at *2 (citation omitted).  He rejected the petitioner's suggestion that

discovery could be appropriate to "elicit facts which could be used for (re)exhaustion purposes in

state court."

> The suggestion that federal discovery can be utilized to develop a
> record for state court purposes (or return to state court for more
> exhaustion) turns the entire federal habeas process on its head.
> Requiring full development of all issues in state court before
> arriving at federal court is the goal of exhaustion and AEDPA. To
> place the federal courts in the position of a handmaiden to the state
> courts, i.e., the fact developer, would require an entire revamping
> of federal law. The undersigned understands that informal
> investigation may be used to identify new claims for exhaustion at
> the inception of a federal habeas case, but that is a far cry from
> using formal discovery to do so. Moreover, the discovery in this

5

1                  case will be utilized, not for the purpose of identifying "missed"

2                   claims, but rather to further develop claims that have been extant for years.

3 Id. at *2, 3 (citations omitted).

4         This court need not decide at this point whether discovery is appropriate to elicit

5 evidence to render a claim unexhausted.  Nor need the court decide now that petitioner must

6 satisfy section 2254(d) as part of the good cause requirement for discovery under Habeas Rule 6.

7 The only issue the court must decide at this point is a procedure for going forward.  Respondent

8 argues that the section 2254(d) issues should be resolved before any factual development is

9 permitted, but given the enormity of the amended petition, resolving section 2254(d) issues will

10 be extremely time-consuming.[2]  Because of the age of this case, and its underlying crime and

11 trial, however, the court recognizes that if any factual development is appropriate, it should occur

12 sooner rather than later.

13         Accordingly, IT IS HEREBY ORDERED as follows:

14         1.  The deadlines for discovery motions and for a motion for an evidentiary

15 hearing set out in the February 7, 2011 Order are lifted.

16         2.  By November 30, 2011, petitioner shall file any motions for discovery.[3]  In

17 addition to demonstrating good cause under Habeas Rule 6, any motion for discovery shall

18 include: (a) argument on whether satisfaction of the 28 U.S.C. § 2254(d) standard is a necessary

19 part of the good cause showing for discovery; and (b) points and authorities showing that the

20 section 2254(d) standard is satisfied, based on the state court record, for every claim upon which

21  

22       [2]  The amended petition is almost 600 pages long.  (Dkt. No. 93.)  It contains 68 claims, many of which have numerous subclaims.

23  

24       [3]  Unlike the limitation set out in the February 7 order, this deadline applies only to filing discovery motions.  It does not apply to the hearings on those motions or on any motions to compel compliance with discovery.  In addition, the court realizes that, should petitioner be

25 permitted to take discovery or permitted at a later date to present evidence, follow-up discovery motions may be necessary.  Any motions outside the deadline must, however, be follow-up

26 motions.  Petitioner is expected to seek all known discovery by the November 30 deadline.

petitioner seeks discovery.  Within forty-five days of service of petitioner's discovery motion, respondent may file an opposition.  Within thirty days of service of the opposition, petitioner may file a reply.  The court will schedule argument if necessary.

        3.  Within twenty days of the filed date of this order, Mr. Giannini shall submit under seal a proposed budget for his anticipated work through the filing of the discovery reply brief.

Dated: September 8, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

steele pin.or2